Herman F. Koepke, for appellant.
Horatio C. King, for respondent.

PER CURIAM.    Order affirmed, with costs, on opinion of GAY-NOR, J.

(84 Hun, 570.)

SAFETY ELECTRIC CONST. CO. v. CREAMER.

(Supreme Court, General Term, First Department.    February 15, 1895.)

ACCOUNTING—WHEN GRANTED—PLEADING.

A complaint alleged the execution of a contract by which defendant gave plaintiff a license to use a patent owned by defendant, and plaintiff agreed to pay therefor certain weekly royalties; and a percentage of profits on the articles manufactured; that the royalties were paid up to a certain date, and no profits were made, but defendant claimed that profits had accrued; that an inspection of plaintiff's books had been offered; that an examination of a long and complicated account would be necessary to ascertain whether there had been any profits; and that defendant threatened to enforce a forfeiture of the contract for nonpayment of profits. An accounting was asked, and, should anything be found to be due from plaintiff to defendant, that a reasonable time be allowed within which to pay it, and that on such payment defendant be barred of all right to forfeit contract. *Held*, that an accounting would not be granted, as the facts alleged in the complaint showed that there was nothing to be accounted for.

Appeal from special term, New York county.

Two actions by the Safety Electric Construction Company against Henry Creamer.    Action No. 1 was for an accounting under a contract between the parties, and action No. 2 was to enjoin defendant from annulling or rescinding the contract.    The complaint was dismissed in action No. 1, and from the judgment entered on such dismissal plaintiff appeals.    Affirmed.

The opinion of Mr. Justice PATTERSON, dismissing the complaint, is as follows:

This action was brought in the first instance for an accounting under a contract entered into between the parties, by which, among other things, the plaintiff was to pay the defendant, in addition to fixed guarantied royalties payable weekly, a certain percentage of profits on articles to be manufactured by it under a license granted by the defendant, a patentee of an important invention used in connection with steam machinery.    The contract provided that, in default of payment within a certain time after notice, the license should be forfeited.    The original complaint alleges distinctly that all guarantied royalties were paid up to a certain date, and that no profits were made, but that the defendant claimed profits had accrued; that an inspection of plaintiff's books had been offered; that an examination of a long and complicated account would be necessary to ascertain whether any profits had arisen; that the defendant threatened to enforce the forfeiture, and the prayer for relief was for accounting, etc.    An injunction was not asked for.    A supplemental complaint (so-called) was served, and therein it was asked that it be judicially ascertained whether anything is due from the plaintiff to defendant, and, if it be found there is, that the plaintiff be allowed a reasonable time within which to pay it, and that upon such payment being made the defendant "be barred from all right to forfeit said contract, and from claiming or attempting to claim a forfeiture thereof for any matter or thing done previous to the beginning of this action," etc.    To say the least, this is a very peculiar suit.    Its basis is an asserted right to an accounting under a state of facts as presented by the plaintiff

itself, conclusively showing that no accounting is necessary for any legitimate purpose in enforcing a right inhering in or belonging to it. The complaint sets forth distinctly an offer of payment of guarantied royalties (this offer not amounting indeed to an actual tender), and that it (the plaintiff) "has made no profits whatever out of the said contract, and that it has lost many thousands of dollars thereunder." The accounts were kept by the plaintiff; the defendant had nothing to do with them. The distinct averments of the complaint are that nothing was owing the defendant except guarantied royalties from a certain date. Why should the plaintiff have an accounting with the defendant when it owes him nothing, except a certain fixed sum, and nothing under any possible circumstances, according to its own statement, could be demanded beyond that sum? A suit to enjoin the defendant from enforcing the forfeiture or from molesting the plaintiff in its business of manufacturing and selling goods under the license, and after a due and formal tender made and kept good, of what was admitted to be due, might be proper, and, if the allegations of a complaint so framed were found to be true, the relief should be granted. As originally brought, it must be conceded that this action is not of that character. It was so held by the general term, on the appeal from the order maintaining the temporary injunction. 19 N. Y. Supp. 747. Under prayer for relief in the supplemental complaint, the scope of the action is perhaps somewhat enlarged; but, whether that be so or not, as this action is framed, if there is no right to an accounting, there is no right to any part of the specific relief sought. It could only be appropriate after an accounting as the complaint stands, and by the plaintiff's own showing therein there is nothing to be accounted for. The complaint, therefore, must be dismissed, with costs.

Argued before VAN BRUNT, P. J., and FOLLETT and PARKER, JJ.

Gustavus W. Rawson, for appellant.
John A. Straley, for respondent.

PER CURIAM. Judgment affirmed, with costs, on opinion of special term.

(24 Civ. Proc. R. 259.)

TWEEDY v. UNITED LIFE INS. ASS'N.

(Common Pleas of New York City and County, Special Term. February 27, 1895.)

PRACTICE IN CIVIL CASES—MOTION TO STRIKE CAUSE FROM CALENDAR.
    An order allowing a note of issue to be filed nunc pro tunc, though irregular because obtained by plaintiff without notice to defendant, is valid until set aside; but where plaintiff has waived the benefit of it by making a new motion on notice for leave to file the note of issue nunc pro tunc, a motion by defendant to strike the cause from the calendar will be granted.

Action by Tweedy against the United Life Insurance Association. Defendant moves to strike the cause off the calendar. Granted.

DeLancey Nicoll, for plaintiff.
Harry Wilber, for defendant.

DALY, C. J. The court had power to relieve the plaintiff from the consequences of his mistake in filing the note of issue for November, 1893, in the wrong office, by ordering it to be filed nunc pro tunc in the office of the clerk of this court, and thus supply his omission to place the cause upon the calendar for same term for which it had been noticed for trial. Code, § 724. But the order